Alisa Lipski (SBN 278710)
  alipski@azalaw.com
**AHMAD, ZAVITSANOS, ANAIPAKOS,**
**ALAVI & MENSING P.C.**
1221 McKinney, Suite 3460
Houston, Texas 77010
Telephone:   (713) 655-1101
Facsimile:   (713) 655-0062

*Attorneys for Plaintiff*
*NEXUS DISPLAY TECHNOLOGIES. LLC*

*List of counsel continued on the second page.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br> v. <br> VIEWSONIC CORP. <br> Defendant. | |
| NEXUS DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br> v. <br> LG ELECTRONICS INC. et al. <br> Defendant. | Case No. 2:14-cv-05691-JVS (DFMx) <br> **Case No. 2:14-cv-05694-JVS (DFMx)** <br> Case No. 2:15-cv-02400-JVS (DFMx) <br> Case No. 2:15-cv-02401-JVS (DFMx) |
| NEXUS DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br> v. <br> ACER INC. and ACER AMERICA CORPORATION <br> Defendants. | Honorable James V. Selna <br><br> **PROTECTIVE ORDER** |
| NEXUS DISPLAY TECHNOLOGIES, LLC, <br><br> Plaintiff, <br> v. <br> ASUSTek COMPUTER INC. and ASUS COMPUTER INTERNATIONAL <br> Defendants. | |

1

STIPULATED PROTECTIVE ORDER

D. James Pak (SBN 194331)
 d.james.pak@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone:  (415) 592-3209
Facsimile:  (415) 576-3099

*Attorneys for Defendant*
*VIEWSONIC CORPORATION*

Peter H. Kang (SBN 158101)          Theodore W. Chandler (SBN 219456)
 pkang@sidley.com                    tchandler@sidley.com
Ashish Nagdev (SBN 259921)          **SIDLEY AUSTIN LLP**
 anagdve@sidley.com                 555 West Fifth Street, Suite 4000
**SIDLEY AUSTIN LLP**               Los Angeles, California 90013
1001 Page Mill Road, Bldg. 1        Telephone:  (213) 896-6000
Palo Alto, California 94304         Facsimile:   (213) 896-6600
Telephone:  (650) 565-7000
Facsimile:   (650) 565-7100

*Attorneys for Defendants*
*LG ELECTRONICS, INC., LG ELECTRONICS USA, INC., and LG*
*ELECTRONICS MOBILECOMM USA INC.*

Joshua M. Masur (Cal. Bar No. 203510)
 masur@turnerboyd.com
Robert J. Kent (Cal. Bar No. 250905)
 kent@turnerboyd.com
**TURNER BOYD LLP**
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Defendants*
*ASUSTek COMPUTER INC. and ASUS COMPUTER INTERNATIONAL*

Michael Ting (SBN 247610)
 mting@tklg-llp.com
Fatima S. Alloo (SBN 283694)
 falloo@tklg-llp.com
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
Telephone: (650) 517-5200
Facsimile: (650) 226-3133

*Attorneys for Defendants*
*ACER INC. and ACER AMERICA CORPORATION*

2
STIPULATED PROTECTIVE ORDER

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3

STIPULATED PROTECTIVE ORDER

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: no more than four attorneys who are employees of a party to this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.  House Counsel for Plaintiff may include, as a part of the four total individuals under this Paragraph, the following individual as a designated attorney representative, who will be treated as if they were an attorney who is an employee of Plaintiff for the purposes of this Protective Order (including being subject to the requirement to sign Exhibit A set forth in paragraph 7.2(b)): Cristin Wagner.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and

4
STIPULATED PROTECTIVE ORDER

have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or

otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development

STIPULATED PROTECTIVE ORDER

1  process or to impose unnecessary expenses and burdens on other parties) expose

2  the Designating Party to sanctions.

3         If it comes to a Designating Party's attention that information or items that it

4  designated for protection do not qualify for protection at all or do not qualify for

5  the level of protection initially asserted, that Designating Party must promptly

6  notify all other parties that it is withdrawing the mistaken designation.

7         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

8  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

9  stipulated, ordered or agreed to by the Parties, Disclosure or Discovery Material

10  that qualifies for protection under this Order must be clearly so designated before

11  the material is disclosed or produced.  Designation in conformity with this Order

12  requires:

13         (a) <u>for information in documentary form</u> (e.g., paper or electronic

14  documents, but excluding transcripts of depositions or other pretrial or trial

15  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

16  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that

17  contains protected material.  If only a portion or portions of the material on a page

18  qualifies for protection, the Producing Party also must clearly identify the

19  protected portion(s) (e.g., by making appropriate markings in the margins) and

20  must specify, for each portion, the level of protection being asserted.

21         A Party or Non-Party that makes original documents or materials available

22  for inspection need not designate them for protection until after the inspecting

23  Party has indicated which material it would like copied and produced.  During the

24  inspection and before the designation, all of the material made available for

25  inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY." After the inspecting Party has identified the documents it wants copied

27  and produced, the Producing Party must determine which documents, or portions

28

7

STIPULATED PROTECTIVE ORDER

thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

8

STIPULATED PROTECTIVE ORDER

proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 6.  **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 7 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  For avoidance of any doubt, any proceedings under this section must also comply with C.D. Cal. Civ. L.R. 37.

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge

confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Provided that those requirements are met, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge. For avoidance of any doubt, any proceedings under this section must also comply with C.D. Cal. Civ. L.R. 37.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a

1    Receiving Party must comply with the provisions of section 15 below (FINAL
2    DISPOSITION).

3          Protected Material must be stored and maintained by a Receiving Party at a
4    location and in a secure manner that ensures that access is limited to the persons
5    authorized under this Order.

6          7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless
7    otherwise ordered by the court or permitted in writing by the Designating Party, a
8    Receiving Party may disclose any information or item designated
9    "CONFIDENTIAL" only to:

10                (a) the Receiving Party's Outside Counsel of Record in this action, as
11   well as employees of said Outside Counsel of Record to whom it is reasonably
12   necessary to disclose the information for this litigation and who have signed the
13   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
14   A;

15                (b) the officers, directors, and employees (including House Counsel)
16   of the Receiving Party to whom disclosure is reasonably necessary for this
17   litigation and who have signed the "Acknowledgment and Agreement to Be
18   Bound" (Exhibit A);

19                (c) Experts (as defined in this Order) of the Receiving Party to whom
20   disclosure is reasonably necessary for this litigation and who have signed the
21   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22                (d) the court and its personnel;

23                (e) court reporters and their staff, professional jury or trial consultants,
24   and Professional Vendors to whom disclosure is reasonably necessary for this
25   litigation and who have signed the "Acknowledgment and Agreement to Be
26   Bound" (Exhibit A); and

27

28
                                    12
                        STIPULATED PROTECTIVE ORDER

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action and employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, as well as contract attorneys of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

STIPULATED PROTECTIVE ORDER

1    (a) Unless otherwise ordered by the court or agreed to in writing by

2   the Designating Party, a Party that seeks to disclose to an Expert (as defined in this

3   Order) any information or item that has been designated "HIGHLY

4   CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

5   first must make a written request to the Designating Party that (1) identifies the

6   general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

7   ONLY" information that the Receiving Party seeks permission to disclose to the

8   Expert, (2) sets forth the full name of the Expert and the city and state of his or her

9   primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies

10   the Expert's current employer(s), (5) identifies each person or entity from whom

11   the Expert has received compensation or funding for work in his or her areas of

12   expertise or to whom the expert has provided professional services, including in

13   connection with a litigation, at any time during the preceding five years,[1] and (6)

14   identifies (by name and number of the case, filing date, and location of court) any

15   litigation in connection with which the Expert has offered expert testimony,

16   including through a declaration, report, or testimony at a deposition or trial, during

17   the preceding five years.

18    (b) A Party that makes a request and provides the information

19   specified in the preceding respective paragraphs may disclose the subject Protected

20   Material to the identified Expert unless, within 14 days of delivering the request,

----

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.   **PROSECUTION BAR**

Absent written consent from the Producing Party, any individual on behalf of the Plaintiff who receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to video transmission technology, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United

States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims (including, for example, original prosecution, reissue, *ex parte* reexamination, or *inter partes* review). To avoid any doubt, this paragraph does not preclude an individual who has received access to "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" material from representing a party before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, or *inter partes* review) so long as the individual is not involved with the modification of claims.  This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.

**9.   SOURCE CODE**

Defendants hereby represent that they do not have in their possession, custody or control source code relevant to the infringement theories propounded by Plaintiff in its infringement contentions.  In reliance on this representation, Plaintiff represents that it does not anticipate seeking discovery of source code from Defendants.  To the extent third party source code is necessary for any party to pursue its claims or defenses, the Parties agree to  promptly work together in good faith to enter into source code provisions that address the confidentiality concerns of those third parties.

**10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

_____

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**11.**   **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
         **PRODUCED IN THIS LITIGATION**

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.   make the information requested available for inspection by the Non-Party.

(c)   If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective

order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 14.   MISCELLANEOUS

14.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, including the relevance of source code to this litigation.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4   <u>Filing Protected Material</u>.  The parties shall comply with the local rules and Judge Selna's Standing Order entitled "Procedures for Electronically Presenting Documents for Sealing.pdf" when sealing protected material.

## 15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must, at its own discretion, either return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected

Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

1  **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3  Dated: January 7, 2016          **AHMAD, ZAVITSANOS, ANAIPAKOS,**
                                   **ALAVI, MENSING P.C.**
4

5                                  */s/Alisa Lipski*
                                   _____
6                                  Alisa A. Lipski,
                                   Attorney for Plaintiff Nexus Display
7                                  Technologies LLC

8  Dated: January 7, 2016          **BAKER & MCKENZIE LLP**
9                                  */s/ D. James Pak*
                                   _____
10                                 D. James Pak
                                   Attorney for Defendant ViewSonic Corp.
11

12 Dated: January 7, 2016          **SIDLEY AUSTIN LLP**
                                   */s/ Ashish Nagdev*
                                   _____
13                                 Ashish Nagdev
14                                 Attorney for Defendants LG Electronics,
                                   Inc., LG Electronics U.S.A., Inc., LG
15                                 Electronics MobileComm U.S.A. Inc.

16  Dated: January 7, 2016         **TECHKNOWLEDGE LAW GROUP**
17                                 **LLP**
                                   */s/ Michael C. Ting*
18                                 _____
                                   Michael C. Ting
19                                 Attorney for Defendants Acer Inc. and Acer
20                                 America Corporation

21 Dated: January 7, 2016          **TURNER BOYD LLP**
22                                 */s/ Robert J. Kent*
                                   _____
23                                 Robert J. Kent
                                   Attorney for Defendants ASUSTeK
24                                 Computer Inc. and ASUS Computer
                                   International
25

26

27
                                        22
28 _____
                          STIPULATED PROTECTIVE ORDER

1  **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

2

3

4  DATED:  1/13/2016  _____

5  Hon. Douglas F. McCormick

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the following cases:

- *Nexus Display Technologies, LLC v. ViewSonic Corp.*, No. 2:14-cv-05691-JVS (DFMx);

- *Nexus Display Technologies, LLC v. Acer Inc. and Acer America Corporation*, No. 2:14-cv-2400-JVS (DFMx)

- *Nexus Display Technologies, LLC v. LG Electronics Inc.*, No. 2:14-cv-05694-JVS (DFMx); and

- *Nexus Display Technologies, LLC v. ASUSTek Computer Inc. and ASUS Computer International*, No. 2:15-cv-2401-JVS (DFMx).

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

STIPULATED PROTECTIVE ORDER

1        I hereby appoint _____ [print or type full name] of

2   _____

3   [print or type full address and telephone number] as my California agent for

4   service of process in connection with this action or any proceedings related to

5   enforcement of this Stipulated Protective Order.

6

7                 Date:  _____

8

9   City and State where sworn and signed:  _____

10

11          Printed name:  _____

12

13           Signature:  _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER